IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TSF THOROUGHBRED RACING, LLC., INSURACLAIM, INC., EDDIE KENNEALLY, VALERIO BLOODSTOCK MANAGEMENT, LLC, SHOWDOWN KINGS II, LLC, SHAUN MCCARTHY, CASTLETON LYONS, INC., DOUG ARNOLD, ERIC KENNEALLY, KENNEALLY RACING STABLE, LLC, and ORPEN HORSES, LLC d/b/a DOUBLE O RACING | ) ) ) ) ) ) ) ) Civil Action No. 3:24-cv-00613-CRS ) ) ) |
| *Plaintiffs* | ) ) |
| V. | ) ) |
| CREECH HORSE TRANSPORTATION, INC. and GUY A. LANDMEIER | ) ) ) ) |
| *Defendants* | ) |

## DEFENDANTS', CREECH HORSE TRANSPORTATION, INC. and GUY A. LANDMEIER, ANSWER TO COMPLAINT

COME NOW, the Defendants, Creech Horse Transportation, Inc, a Missouri Corporation (hereinafter "Creech"), and Guy A. Landmeier (hereinafter "Landmeier"), collectively, the Defendants, and for their Answer to the Complaint state:

1.　　Defendants admit TSF is a Kentucky limited liability company and admit Mya's Halo, a thoroughbred race filly, died on March 25, 2024, but deny the balance of paragraph 1 of Plaintiffs' Complaint.

2.　　Defendants admit Insuraclaim is a Minnesota corporation and admit Wardy was a thoroughbred race gelding which died on March 25, 2024, but deny the balance of paragraph 2 of Plaintiffs' Complaint.

3.      Defendants admit Kenneally is a resident of the Commonwealth of Kentucky, admit Wardy, a thoroughbred race gelding and Darkroom, a thoroughbred race gelding, died on March 25, 2024, and admit She's Jersey Tuff, a thoroughbred race filly and Justifreak, a thoroughbred race colt, were injured on March 25, 2024, but deny the balance of paragraph 3 of Plaintiffs' Complaint.

4.      Defendants admit Double O is a Florida limited liability company and admit Darkroom, a thoroughbred race gelding, died on March 25, 2024, but deny the balance of paragraph 4 of Plaintiffs' Complaint.

5.      Defendants admit Valerio is a Kentucky limited liability company and admit Darkroom, a thoroughbred race gelding, died on March 25, 2024, but deny the balance of paragraph 5 of Plaintiffs' Complaint.

6.      Defendants admit Showdown Kings is a Kentucky limited liability company and admit Vitement, a thoroughbred race colt, was injured on March 25, 2024, but deny the balance of paragraph 6 of Plaintiffs' Complaint.

7.      Defendants admit Shaun is an individual, and admit She's Jersey Tuff, a thoroughbred race filly, was injured on March 25, 2024, but deny the balance of paragraph 7 of Plaintiffs' Complaint.

8.      Defendants admit Castleton Lyons is a foreign corporation, and admit Chaching Chaching, a thoroughbred race mare, was injured on March 25, 2024, but deny the balance of paragraph 8 of Plaintiffs' Complaint.

9.      Defendants admit Doug is a resident of the Commonwealth of Kentucky and admit Justifreak, a thoroughbred race colt, was injured on March 25, 2024, but deny the balance of paragraph 9 of Plaintiffs' Complaint.

10.     Defendants admit Eric is a resident of the State of California and admit Justifreak, a thoroughbred race colt, was injured on March 25, 2024, but deny the balance of paragraph 10 of Plaintiffs' Complaint.

11.     Defendants admit Kenneally Racing is a Kentucky limited liability company who was the trainer for the racehorses Justifreak, She's Jersey Tuff, Darkroom, Wardy, Mya's Halo, Chaching Chaching and Vitement (collectively, the "Racehorses"), but deny the balance of paragraph 11 of Plaintiffs' Complaint.

12.     Defendants admit Creech is a Missouri corporation but deny the balance of paragraph 12 of Plaintiffs' Complaint.

13.     Defendants admit paragraph 13 of Plaintiffs' Complaint.

14.     Defendants deny paragraph 14 of Plaintiffs' Complaint as exclusive jurisdiction of this case is vested in the U.S. District Court for the Western District of Kentucky, Louisville Division.

15.     Defendants admit injuries giving rise to this Complaint occurred in Nelson County, Kentucky, admit the amount in controversy exceeds the circuit court's minimum jurisdictional limit of $10,000.00, but deny the balance of paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit Keneally Racing was the trainer for the Racehorses injured or who died on March 25, 2024, but deny the balance of paragraph 16 of Plaintiffs' Complaint.

17.     Defendants admit on or about March 25, 2024 Kenneally Racing requested Defendant Creech to transport the Racehorses from the Fairgrounds racetrack in New Orleans, Louisiana to the Keeneland racetrack in Lexington, Kentucky, and admit Defendant Landmeier was the driver for the shipment, but deny the balance of paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny paragraph 19 of Plaintiffs' Complaint.

20.     Defendants deny paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny paragraph 24 of Plaintiffs' Complaint.

25.     Defendants adopt and restate their responses to paragraphs 1-24 herein above.

26.     Defendants admit on or about March 25, 2024, Defendant Landmeier was acting within the course and scope of his employment with Defendant Creech but deny the balance of paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny paragraph 27 of Plaintiffs' Complaint.

28.     Defendants adopt and restate their responses to paragraphs 1-27 herein above.

29.     Defendants deny paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny either made material representations as alleged in paragraph 29 of the Complaint and therefore deny paragraph 30 of the Plaintiffs' Complaint.

31.     Defendants deny paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny paragraph 32 of Plaintiffs' Complaint.

33.     Defendants adopt and restate their responses to paragraphs 1-32 herein above.

34.     Defendants deny paragraph 34 of Plaintiffs' Complaint.

35.     Defendants made no such material misrepresentations as alleged in paragraph 34 of the Complaint and therefore deny paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny paragraph 38 of Plaintiffs' Complaint.

39.     Defendants adopt and restate their responses to paragraphs 1-38 herein above.

40.     Paragraph 40 of the Complaint is unintelligible and Defendants therefore deny paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny paragraph 43 of Plaintiffs' Complaint.

44.     Defendants adopt and restate their responses to paragraphs 1-43 herein above.

45.     Defendants deny paragraph 45 of Plaintiffs' Complaint.

46.     Defendants deny paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny any acts of deceit, oppression, malice, fraud and/or gross negligence by Defendants and therefore deny paragraph 47 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

48.     Plaintiffs at the time of the loss were knowledgeable shippers of thoroughbred horses in both interstate and intrastate shipments, having shipped horses for themselves and others for many years, were or should have been aware of time limits for filing claims and liability limitations for carriers including the Defendants, knew and acknowledged trainers of horses in their care arranged for and took responsibility for transporting their horses subject to a carrier's terms, including limits to when claims must be presented in writing to carrier and limiting liability to $5,000.00 per horse in exchange for a reduced charge for providing transport services.

49.     Plaintiff Kenneally Racing for itself and as trainers for the other Plaintiffs ordered and had transported horses with Creech prior to March 25, 2024 and after, pursuant to signed bills of lading of Creech, identical to the bill of lading prepared for the shipment in question.

50.    Plaintiffs may have failed to join persons and/or entities in whose absence complete relief cannot be accorded among those already a party.  Plaintiffs may also have failed to join those persons who claim an interest relating to the subject accident and are so situated that its disposition as a practical matter may impair and impede their ability to protect those interests or may subject persons or entities already a party to substantial risk of incurring double, multiple or otherwise inconsistent obligations.

51.    Defendants state the damages alleged in the Complaint, if any, may be the direct and proximate result of superseding and/or intervening causes over which Defendants had no responsibility or control.

52.    Defendants rely upon the doctrine of apportionment of fault as a defense to the claims of the Plaintiffs.

53.    Defendant Creech was not required to file a tariff as a licensed common carrier and its Terms and Conditions of Shipment provided "rates, classification, rules or practices," including times by which a claim must be presented and a limitation of liability of $5,000.00 per horse. Defendant Creech's Terms and Conditions of Shipment were available on request from Plaintiffs as shippers, and were included on Defendant's Creech's website. Plaintiffs did not request a copy of  Defendant Creech's and Conditions of Shipment prior to shipping their horses.

54.    Plaintiffs are not entitled to recover pre-judgment interest pursuant to the Carmack Amendment as recovery is limited to the actual loss or injury to the property.

55.    Plaintiffs are not entitled to recover attorney fees pursuant to the Carmack Amendment as recovery is limited to the actual loss or injury to the property.

56.    Plaintiffs are not entitled to recover punitive damages pursuant to the Carmack Amendment as recovery is limited to the actual loss or injury to the property.

57.     Defendant reserves the right to assert additional defenses as they become known and available to them during discovery.

WHEREFORE DEFENDANTS CREECH HORSE TRANSPORTATION, INC. AND GUY A. LANDMEIER pray for judgment in their favor and be awarded costs of suit, including attorney fees, as set forth in Defendant Creech's bill of lading and terms and conditions of shipment,.

Dated this 25 day of October, 2024.


Respectfully Submitted,

By:   /s/ Sarah A. Telle
    Bradley E. Moore (KBA #87368)
    Sarah A. Telle (KBA #98618)
    Kopka Pinkus Dolin PC
    301 E. Main Street, Suite 400
    Lexington, KY  40507
    (859) 368-8999
    bemoore@kopkalaw.com
    satelle@kopkalaw.com



By:   /s/ Robert D. Kinsey
    Robert D. Kinsey Jr. - #12232 (NE Bar)
    Kinsey Rowe Becker & Kistler, LLP
    3800 VerMaas Place, Suite 100
    Lincoln, NE 68502
    (402) 438-1313
    rkinsey@krbklaw.com
    (pro hac vice pending)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Robert E. Maclin, III and Scott A. Schuette of McBrayer PLLC, and I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants: Robert E. Maclin, III and Scott A. Schuette of McBrayer PLLC, 201 E. Main Street, Suite 900, Lexington, KY 40507.

By:    /s/ Sarah A. Telle
        Bradley E. Moore
        Sarah A. Telle
        Kopka Pinkus Dolin PC
        301 E. Main Street, Suite 400
        Lexington, KY 40507
        (859) 368-8999
        bemoore@kopkalaw.com
        satelle@kopkalaw.com