UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TSF THOROUGHBRED RACING, LLC., INSURACLAIM, INC., EDDIE KENNEALLY, VALERIO BLOODSTOCK MANAGEMENT, LLC, SHOWDOWN KINGS II, LLC, SHAUN MCCARTHY, CASTLETON LYONS, INC., DOUG ARNOLD, ERIC KENNEALLY, KENNEALLY RACING STABLE, LLC, and ORPEN HORSES, LLC d/b/a DOUBLE O RACING<br><br>*Plaintiffs*<br><br>V.<br><br>CREECH HORSE TRANSPORTATION, INC. and GUY A. LANDMEIER<br><br>*Defendants* | Civil Action No. 3:24-cv-613-CRS |

### DEFENDANTS CREECH HORSE TRANSPORTATION, INC. and GUY A. LANDMEIER'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF KENNEALLY RACING STABLE, LLC

#### INTRODUCTION

Defendants seek a Motion for Summary Judgment against Plaintiff Kenneally Racing Stables, LLC ("Kenneally Racing") for lack of standing. Under The Carmack Amendment, 49 U.S.C. §14706, liability extends to the person or persons entitled to recover under the receipt or bill of lading. Because Kenneally Racing is an agent of the other Plaintiffs with no ownership interest in the property at issue, Kenneally Racing does not possess standing to bring a cause of action against the Defendants.

## STANDARD OF REVIEW

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Sixth Circuit has held when applying the summary judgment standard "[w]e view the record in the light most favorable to the non-moving party and affirm when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A fact is material if it might affect the outcome of the suit under governing law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Jones v. Fluor Facility & Plant Servs.,* 2025 Fed. App. 0126N (6th Cir.)(Citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 248 (1986)). If the movant can demonstrate the lack of an issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. 242 at 248 (1986). If the nonmoving party does not respond with specific facts which show a genuine issue for trial, then summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir. 1989).

## ARGUMENT

I. <u>Because of the Carmack Amendment's application to this action, the Plaintiffs must have statutory standing to pursue their claim.</u>

Standing is a threshold question in every federal case. *Coal Operators & Assocs., Inc. v. Babbitt,* 291 F.3d 912 at 915 (6th Cir. 2002). To establish general Article III constitutional standing, a plaintiff must have "(1) suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural of hypothetical; (2) there must be a causal connection between the injury and the conduct complained

3

of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United Rd. Logistics, LLC v. DVM Car Trans, LLC*, 2016 U.S. Dist. LEXIS 97881 at 9 (E.D. Mich., 2016). Statutory standing, on the other hand, specifically asks whether a particular plaintiff has a cause of action under a particular statute, which relates closely to a merits inquiry. *Western Express, Inc. v. Villanueva*, 2017 U.S. Dist. LEXIS 176227 at 10 (M.D. Tenn. 2017) citing *Roberts v. Hamer*, 655 F.3d 578, 580-81 (6th Cir. 2011). Where constitutional standing deals with a federal district court's power to hear Article III cases and controversies, statutory standing looks to whether Congress, by statute, "intentionally removed certain causes of actions from the realm of cases and controversies federal district courts normally hear". *Progressive Rail, Inc., v. CSX Transp., Inc.*, 2018 U.S. Dist. LEXIS 51801 at 8 (E.D. Kent. 2018).

49 U.S.C. §14706, also known as the Carmack Amendment, falls into the category of statutory standing, as it was enacted by Congress to intentionally remove certain causes of action from the realm of cases and controversies a federal court would typically hear. The Carmack Amendment provides a comprehensive regulatory scheme intended to preempt state regulations of interstate commerce. *Atchinson, Topeka and Santa Fe Railway, Co., v. Harold*, 241 U.S. 371, 378 (1916). This created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce by making a carrier fully liable for cargo damage unless the shipper has agreed to some limitation in writing. *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). In return, carriers receive reasonable certainty in predicting potential liability due to the preemption of a shipper's state and common law claims against a carrier for loss or damage. *Id.* This preemption of all state laws to the contrary preserves the uniform treatment of the carrier-shipper relationship. *Great West. Cas. Co. v. Flandrich*, 605 F.Supp.2d 955, 966 (S.D. Ohio, 2009), citing *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.*, 320 F.Supp.2d 619, 620

(N.D. Ohio 2004). Specifically, Carmack governs when damages are "sought against a common carrier for failure to properly perform, or negligent performance of an interstate contract of carriage." *McCarthy v. Krupp Moving & Storage II, LLC*, 2024 U.S. Dist. LEXIS 124031 at 5 (S.D. Ohio, 2024). For a claim to avoid preemption by the Carmack Amendment, the claim "must involve separate and independently actionable harms to a shipper that are distinct from the loss of, or damage to, goods that were shipped in interstate commerce." *Id.* at 12, citing Val's Auto Sales & Repair, LLC v. Garcia, 367 F.Supp.3d 613, 620 (E.D. Ky. 2019).

The state law causes of action in the Plaintiffs' complaint are negligence, fraudulent inducement and/or misrepresentation, negligent misrepresentation, breach of contract, and punitive damages (See Complaint, pgs. 6-9). All of these causes of action stem from the alleged harm due to the loss or injury of the horses being shipped in interstate commerce, and therefore are all preempted by the Carmack Amendment. Because Congress, by statute, preempted all state and common law claims that would otherwise be heard in a federal court, statutory standing applies, and the Plaintiffs must have statutory standing to bring their claim against the Defendants.

Additionally, a plaintiff may also establish prudential standing through an assignor-assignee relationship. *United Rd. Logistics* at 9. "Prudential standing requires that (1) a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties; (2) the claim must not be a generalized grievance shared by a large class of citizens; and (3) in statutory cases, the plaintiff's claim must fall within the zone of interests regulated by the statute in question." *Id.*, citing *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009).

There is nothing in the record to indicate any owner of any of the horses involved in this shipment assigned their rights or causes of action over to Kenneally Racing, precluding any

5

prudential standing that could be claimed. Further, if the ability to make a claim against the Defendants had been assigned to Kenneally Racing, the other Plaintiffs in this action could not then bring their own claim against the Defendants.

II.     Plaintiff Kenneally Racing is not entitled to any form of recovery under the Carmack Amendment, and therefore lacks statutory standing to bring suit against Defendants.

Under the Carmack Amendment, a carrier's liability extends "to the person entitled to recover under the receipt or bill of lading." *Northrich Co. v. Group Transp. Servs.*, 2015 U.S. Dist. LEXIS 35826 at 11(N.D. Ohio, 2015). Carmack requires that a carrier transporting property issue a bill of lading to the shipper, and makes the carrier liable to the one entitled to recover under the bill of lading for loss or injury to the property. *Great West Cas. Co.*, at 964. In the absence of a written limitation agreed to by the shipper, this liability is for the actual loss or injury to the property. U.S.C. 14706(a)(1). A shipper is the owner of the goods being transported. *Amark Logistics, Inc., v. UPS Ground Freight, Inc.* at 8, citing to *Exel,Inc.*, 807 F.3d at 143-144, 149-50 (indicating that even when a carrier receives goods and a bill of lading directly from a broker, the broker's customer who owned the goods was the shipper).

From the facts of the case, it is clear Kenneally Racing does not have statutory standing to bring a claim against the Defendants. Kenneally Racing does not have an ownership interest in any horse involved in the accident at issue, nor was Kenneally Racing acting as anything more than an agent arranging transport of the other Plaintiffs' property on their behalf in this action (See responses to Requests for Admissions, Exhibit 1) . Although Kenneally Racing is listed on the bill of lading as the "shipper", this is in its capacity as agent for the owners of the horses, not as an owner itself. The shippers entitled to recover under the bill of lading are the owners of the goods

6

being shipped, not the agent arranging transport. As a party that is not a shipper, Kenneally Racing cannot possibly be considered to have statutory standing in this action.

Even if Article III standing were applicable here, Kenneally Racing could not be considered to have standing to bring a claim against the Defendants. Kenneally Racing is not a party entitled to recover under the bill of lading, nor did Kenneally Racing suffer a direct, concrete loss from the injury to or death of the horses. Kenneally Racing's damages alleged in the complaint are not recoverable under Carmack. The injuries alleged in the complaint are injuries which the owners of the horses have suffered due to the loss or injury of the horses, but are not injuries which Kenneally Racing has suffered.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment against Plaintiff Kenneally Racing Stable, LLC should be granted, dismissing Kenneally Racing Stable, LLC from this suit for lack of standing.

Respectfully submitted,

/s/ Robert D. Kinsey, Jr.
Robert D. Kinsey, Jr.
KINSEY ROWE BECKER & KISTLER
3800 VerMaas Place, Suite 100
Lincoln, NE 68502
Telephone: (402) 438-1313

/s/ Bradly E. Moore
Bradly E. Moore
Sarah A. Telle
MOORE, DAVIS, STARNES & BLISS, PLLC
444 West Second Street
Lexington, KY 40507
Telephone: 859-721-6777

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Scott A. Schuette
McBrayer PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
Email: sschuette@mcbrayerfirm.com
*Attorneys for Plaintiffs*

Robert E. Maclin, III
Masten Childers, III
Whiteford, Taylor & Preston
250 West Main Street, Suite 1800
Lexington, KY 40507
Email: rmaclin@whitefordlaw.com
Email: mchilders@whitefordlaw.com
Attorneys for Plaintiffs

/s/ Robert D. Kinsey, Jr.
ATTORNEY FOR ABOVE DEFENDANTS